DISSENTING OPINION BY
JUDGE BROBSON
I agree with the majority’s analysis, but not its remedy. Specifically, I would vacate the Bureau of Professional and Occupa *1217 tional Affairs, State Board of Medicine’s (Board) decision, because the Board arbitrarily looked for accreditations from two accrediting bodies in order to determine whether an educational institution could be approved by the Board under Section 635.2(g)(2)(ii) of The Insurance Company Law of 1921 (Insurance Law).[1] The majority does not strike this provision from the law. The General Assembly’s intent in this provision of the law, however, is very clear. One cannot obtain a license as a behavioral health specialist without a graduate degree from a “Board-approved, accredited college or university.” So long as this law remains on the books, it would be unlawful for the Board to issue a license to an applicant unless and until the institution that issued the applicant’s advanced degree is both “accredited” and “Board-approved.”
The majority opinion reverses the Board’s decision, appropriately taking the Board to task for failing to engage in a fulsome and appropriate evaluation of Emmanuel Baptist University as an institution and Cary’s course of study there, when determining whether the Board should approve the institution and accept Cary’s degree. (Op. at 1208.) Rather than remanding to the Board to conduct this analysis, the majority essentially excuses the Board from doing that which the General Assembly required by directing that the Board on remand simply issue the license. Today, there is still no proper adjudication by the Board as to whether Emmanuel Baptist University was, at the time it issued Cary’s degree, an institution that the Board can or should approve. This Court should not direct an executive branch agency to issue a license to anyone who does not satisfy the statutory standards established by the General Assembly, unless, of course, the Court declares the relevant standard unlawful and unenforceable. Because the majority’s remedy in this matter amounts to a tacit approval of Emmanuel Baptist University under Section 635.2(g)(2)(ii) of the Insurance Law without any supporting record evidence, factual findings, or legal analysis, I must respectfully dissent.
Judge Wojcik joins in this dissenting opinion.

. Act of May 17, 1921, P.L. 682, added by the Act of My 9, 2008, P.L. 885, 40 P.S. § 764h(g)(2)(ii).